


# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| NATHAN IVAN YOUNG, | Case No. SACV 15-01654-JLS (AS) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | **WITHOUT PREJUDICE** |
| STEVEN J. SENTMAN, Chief Probation Officer, or SANDRA HUTCHENS, Orange County Sheriff-Coroner, | |
| Respondent. | |

**PROCEEDINGS**

On October 15, 2015, Nathan Ivan Young ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, accompanied by a supporting Memorandum of Points and Authorities ("Petition Memorandum")(Docket Entry Nos. 1, 3).

1

1  According to the Petition, Petitioner was convicted of second
2  degree commercial burglary, attempted grand theft, and unauthorized
3  use of personal identifying information, in violation of California
4  Penal Code Sections 459-460(b), 664(a), 487(a), and 530.5(a) on
5  December 10, 2014. (Petition at 2). On March 13, 2015, Petitioner
6  was sentenced to 364-days in jail, five years probation, and the
7  Whatever It Takes program ("WIT"). Id. Petitioner did not appeal
8  his conviction or sentence or file any habeas petitions in state
9  court. Id. at 2-3.

11  The Petition alleges the following grounds for federal habeas
12  relief: (1) Petitioner received ineffective assistance of trial
13  counsel in several respects; (2) The prosecutor engaged in
14  misconduct by presenting false testimony of the landlord and by
15  failing to introduce a Court order concerning the landlord;(3)
16  Petitioner was incompetent during trial; (4) There is newly
17  discovered evidence -- written authorization for Petitioner to
18  transfer rent (to contradict a witness's testimony); and the
19  landlord's attorney is being disbarred for embezzlement; and (5)
20  Challenges to Petitioner's conditions of confinement --
21  Petitioner's probation officer's threat if he filed a
22  discrimination complaint with the "DFEH;" Petitioner was sanctioned
23  to overnight in jail for not dropping out of his MBA program; the
24  WIT ("Whatever It Takes") court program psychiatrist is prohibited
25  from prescribing Petitioner's medication (which he has taken since
26  2007); the WIT court program told Petitioner he would be terminated

from the program if his medication is medically necessary; and Petitioner was sanctioned for 2 nights after he was unlawfully evicted for not participating in a 12-step program. (Petition at 5-6).[1]

**DISCUSSION**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b) - (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. 28 U.S.C. § 2254(b)(3).

---

[1] The Court notes, without deciding, that Petitioner's challenges to the conditions of confinement (see Petition at 6; Petition Memorandum at 3-7) may be more appropriately raised in a civil rights action pursuant to 42 U.S.C. § 1983. See Nelson v. Campbell, 541 U.S. 637, 643 (2004); Wolff v. McDonnell, 418 U.S. 539, 554 (1974).

3

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir. 1994); <u>Carothers v. Rhay</u>, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th Cir. 1996).

Here, Petitioner has not only failed to allege in the Petition that all Grounds raised in the Petition were presented to the California Supreme Court, but has also conceded that all Grounds alleged in the Petition have not been presented to the California Supreme Court.[2] (<u>See</u> Petition at 3, 5-7). The Petition is therefore unexhausted and subject to dismissal on its face.[3]

---

[2] Although Petitioner asserts that he is not required to exhaust administrative remedies before filing a petition that challenging his conditions of confinement where those remedies are futile or inadequate (<u>see</u> Petition Memorandum at 7), the Court notes that the exhaustion of administrative remedies requirement applies to <u>federal</u>, not state, prisoners. See <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986); <u>Chua Han Mow v. United States</u>, 730 F.2d 1308, 1313 (9th Cir. 1984); <u>Ruviwat v. Smith</u>, 701 F.2d 844, 845 (9th Cir. 1983).

[3] In certain circumstances, the Court has authority to stay a "mixed" petition containing both exhausted and unexhausted claims. See <u>Rhines v. Weber</u>, 544 U.S. 269 (2005); <u>King v. Ryan</u>, 564 F.3d 1133, 1143 (9th Cir. 2009)(stay procedure authorized by <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), <u>overruled on other grounds</u>, <u>Robbins v. Carey</u>, 481 F.3d 1143 (9th Cir. 2007) ("Kelly"

Petitioner has failed to state an exhausted constitutional claim for relief and therefore, the Petition fails to state a claim upon which relief may be granted. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party. 28 U.S.C. § 2243; see also Rule 4, Rules Governing Section 2254 cases in the United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition []that the petitioner is not entitled to relief").

Petitioner may be able to present his claims to the California Supreme Court. See In re Harris, 5 Cal.4th 813, 825 (1993) ("[H]abeas Corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations and quotations omitted).[4]

---

remains available after Rhines). However, the present Petition is not mixed; it is completely unexhausted. The Court cannot stay a completely unexhausted petition. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

[4] The Court expresses no opinion concerning whether consideration of a state habeas petition might be foreclosed by state procedural law. The California Supreme Court should evaluate this matter in the first instance. Moreover, even if there exists an applicable state procedural bar, the California Supreme Court nevertheless might choose to reach the merits of Petitioner's claims. See e.g., Park v. California, 202 F.3d 1146 (9th Cir.

**ORDER**

For the foregoing reasons, the Petition is dismissed without prejudice.[5]

DATED: October 30, 2015.

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented this 20th day
of October 2015, by:

/S/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

2000).

[5] This dismissal will not relieve petitioner from complying with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future habeas petitions filed in this Court.